Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
matthew.rollin@sriplaw.com

*Counsel for Plaintiff*
*Ivan Radic*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| IVAN RADIC,<br><br>Plaintiff,<br><br>v.<br><br>TESMANIAN LLC,<br><br>Defendant. | CASE NO.: 5:25-cv-01713<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**(INJUNCTIVE RELIEF DEMANDED)** |

Plaintiff IVAN RADIC by and throughhis undersigned counsel, brings this Complaint against Defendant TESMANIAN LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff IVAN RADIC ("Radic") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Radic's original copyrighted Work of authorship.

SRIPLAW
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

SRIPLAW
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

2. Radic has been a professional photographer since 2017. Radic works with many different clients and focuses on different styles of photography.

3. Defendant TESMANIAN LLC ("Tesmanian") sells Tesla parts online and provides news and insights for clean energy and space exploration, with a primary focus on the ventures and innovations associated with Elon Musk's companies: Tesla, SpaceX, The Boring Company, and Neuralink. At all times relevant herein, Tesmanian owned and operated the internet website located at the URL http://www.tesmanian.com (the "Website"). In addition, Tesmanian owns and operates the X (formerly known as Twitter) page "Tesmanian.com" located at the internet URL www.x.com/tesmaniancom (the "Tesmanian X Page").

4. Radic alleges that Tesmanian copied Radic's copyrighted Work from the internet in order to advertise, market and promote its business activities. Tesmanian committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of the Tesmanian's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in California.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Tesmanian engaged in infringement in this district, Tesmanian resides in this district, and Tesmanian is subject to personal jurisdiction in this district.

## DEFENDANT

9. Tesmanian LLC is a California Limited Liability Company, with its principal place of business at 10680 Silicon Avenue, Unit #10P, Montclair, California,

SRIPLAW
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

91763, and can be served by serving its Registered Agent, George Szeto, at the same address.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2019, Radic created the photograph entitled "Close up of TESLA trademark sign on a car," which is shown below and referred to herein as the "Work".

11. Radic registered the Work with the Register of Copyrights on January 12, 2021 as part of a group registration. The Group Registration was assigned registration number VA 2-239-700. The Certificate of Registration is attached hereto as **Exhibit 1**.

12. Radic makes his work available via Flickr and a Creative Commons 2.0 License.

13. The Work was available at the internet URL of https://www.flickr.com/photos/26344495@N05/40865038103.

14. For a party to be allowed to use a Creative Commons 2.0 License ("CC 2.0"), it is conditioned upon the prospective licensee of the Work attributing the Work to the original owner/claimant of the Work.

15. In part, the CC 2.0 license states, "You must give appropriate credit, provide a link to the license and indicate if changes were made."[1]

16. At all relevant times Radic was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY TESMANIAN

17. Tesmanian has never been licensed to use the Work at issue in this action for any purpose.

18. On a date after the Work at issue in this action was created, but prior to the filing of this action, Tesmanian copied the Work.

19. On or about November 11, 2022, Radic discovered the unauthorized use of his Work on the Website and on the Tesmanian X Page, both in a post dated October 31, 2022, entitled "Tesla May Have Been Negotiating a Potential Stake in Mining Company Glencore."

20. Tesmanian copied Radic's copyrighted Work without Radic's permission.

21. After Tesmanian copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its Tesla automotive parts resale business.

22. Tesmanian copied and distributed Radic's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

23. Radic's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

---

[1] https://creativecommons.org/licenses/by/2.0/

SRIPLAW
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

SRIPLAW
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

24. Tesmanian committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

25. Radic never gave Defendant permission or authority to copy, distribute or display the Work at issue in this case.

26. Radic notified Tesmanian of the allegations set forth herein on September 12, 2024 and September 26, 2024. To date, the parties have failed to resolve this matter.

27. When Tesmanian copied and displayed the Work at issue in this case, Tesmanian failed to provide attribution as required by the CC 2.0 license.

28. Defendant's failure to attribute is a violation of 17 U.S.C. § 1202(b) as removal of copyright management information.

29. Radic never gave Tesmanian permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

30. Radic incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Radic owns a valid copyright in the Work at issue in this case.

32. Radic registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

33. Tesmanian copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Radic's authorization in violation of 17 U.S.C. § 501.

34. Tesmanian performed the acts alleged in the course and scope of its business activities.

35. Defendant's acts were willful.

36. Radic has been damaged.

37. The harm caused to Radic has been irreparable.

SRIPLAW
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

38. Radic incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

39. The Work at issue in this case requires attribution and contains copyright management information ("CMI").

40. Tesmanian knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

41. Tesmanian committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Radic's rights in the Work at issue in this action protected under the Copyright Act.

42. Tesmanian caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Radic's rights in the Work at issue in this action protected under the Copyright Act.

43. Radic has been damaged.

44. The harm caused to Radic has been irreparable.

WHEREFORE, the Plaintiff IVAN RADIC prays for judgment against the Defendant TESMANIAN LLC that:

a. Tesmanian and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Tesmanian be required to pay Radic his actual damages and Defendant's profits attributable to the infringement, or, at Radic's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

SRIPLAW
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

c. Tesmanian be required to pay Radic his damages including lost sales and Defendant's profits as provided in 15 U.S.C. § 1125;

d. Radic be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

e. Radic be awarded pre- and post-judgment interest; and

f. Radic be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Radic hereby demands a trial by jury of all issues so triable.

DATED: July 9, 2025

Respectfully submitted,

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN
**SRIPLAW, P.A.**
*Counsel for Plaintiff Ivan Radic*